WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stephen C. Dean, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV 05-2064 PHX SRB (VAM) |
| | ) | |
| City of Phoenix, | ) | <u>O R D E R</u> |
| | ) | |
| Defendant. | ) | |

On January 17, 2006, plaintiff filed a Motion requesting an additional 90 days to conduct discovery. (Doc. 9). Defendant responded indicating a short extension of 60 days would be appropriate but opposing an extension of 90 days. (Doc. 11). In the response, defendant indicates that because plaintiff has not signed and returned medical releases/authorizations, defendant has been unable to take plaintiff's deposition. Defendant also states that plaintiff has indicated he wishes to take Officer Bryce's deposition which defendant opposes. Defendant has indicated it will treat the questions as interrogatories and respond to them.

The discovery deadline in this case ran on January 17, 2006. (Doc. 4). Since the parties indicate the need to conduct additional discovery, the Court will extend the deadline for a short period of time. The parties shall have until April 7, 2006 to complete discovery. The Court finds that defendant's indication that questions to Officer Bryce will be treated as

interrogatories and will respond to them is appropriate.

On January 17, 2006, plaintiff filed a Motion requesting a telephonic conference to discuss discovery issues. (Doc. 10). In the Motion, plaintiff indicates he has not been able to obtain records from the City of Phoenix. More specifically, he wants records on complaints involving excessive force and Taser use. (Doc. 10). Defendant opposed the Motion indicating the request is "vague, ambiguous, overbroad, unduly burdensome and that the requests lack relevance." The Court reviewed the Motion and Response and finds the requests as propounded are overbroad, irrelevant and unduly burdensome. However, the Court will require defendant to produce any judgment where a Phoenix Police Department officer or the Phoenix Police Department was held liable for excessive force in connection with Taser use. The defendant will also be required to produce any judgments where the particular officer involved in this case (Officer Bryce) was found to be liable for excessive force. These documents would be relevant and should not be unduly burdensome to retrieve and produce.

On February 6, 2006, plaintiff filed a Motion for MCSO booking records. (Doc. 14). Defendant has opposed the Motion indicating defendant is attempting to obtain the records and plaintiff did not request the records from defendant. Plaintiff is instructed he must request documents from the defendant, not the Court. The Motion will therefore be denied.

**IT IS THEREFORE ORDERED** granting plaintiff's Motion for an extension of time. (Doc. 9). The discovery deadline will be

2

1  continued until April 17, 2006.  The other deadlines are
2  accordingly extended as follows:  The deadline for plaintiff's
3  deposition will be April 17, 2006; the deadline for bringing
4  discovery disputes to the Court's attention will be May 17, 2006;
5  the dispositive motions deadline will be June 16, 2006.

6  **IT IS FURTHER ORDERED** denying plaintiff's Motion for
7  Telephonic Conference.  (Doc. 10).  Defendant shall produce
8  records as set forth in the body of this Order by March 20, 2006.

9  **IT IS FURTHER ORDERED** denying plaintiff's Motion for MCSO
10 booking records.  (Doc. 14).

11 DATED this 22nd day of February, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

3